**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **Juan Lopez,** | ) | |
| | ) | |
| **Plaintiff,** | ) | **Case No. 25 C 12139** |
| **v.** | ) | |
| | ) | **Judge Jorge L. Alonso** |
| **City of Chicago,** | ) | |
| | ) | |
| **Defendant.** | ) | |

# ORDER

Defendant's partial motion to dismiss [32] is denied.

# STATEMENT

In this employment discrimination case, Plaintiff, Juan Lopez, alleges that he was subjected to a hostile work environment, disparate treatment, and retaliation, based on his national origin (Puerto Rican), religion (Christian), and disability (asthma), under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, and the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, *see id.* §§ 12112, 12203. Defendant moves to dismiss (1) the Title VII claims asserted under a hostile work environment theory for failure to state a claim, and (2) the ADA claims for lack of exhaustion. For the following reasons, the motion is denied.

## I. Factual Background

Plaintiff's Second Amended Complaint contains the following allegations, which the Court takes as true at the pleading stage. Plaintiff is Christian, he is of Puerto Rican descent, and he suffers from asthma, a protected disability. He began working for Defendant, the City of Chicago, as a Station Laborer in the Department of Water Management in July 2021.

In October 2023, Plaintiff's supervisor, Ivy Anderson, stated in a meeting that, if someone loses their job because another person made a workplace complaint, they should kill that person

and their family. On March 22, 2024, Plaintiff arrived at work to find no other employees present. He sent a message in a group chat that included his manager, in which he stated that no one else was at work. Shartone Moore, a co-worker, responded in the group chat: "go kill yourself idiot." (2d Am. Compl. ¶ 15, Dkt. No. 26.) No action was taken against Moore.

On September 19, 2024, Plaintiff took a phone call while on break. Moore, who had become Plaintiff's foreman, told him to take the call outside. Other employees who were also on their phone were not asked to leave. Plaintiff complained that he was being treated differently, and Tiara Alfred, a co-worker, shouted, "Get the fuck out!" (*Id.* ¶ 17.) No action was taken against Alfred.

In October 2024, Plaintiff emailed Human Resources ("HR") representative Jaqueline Toledo to complaint about discrimination and harassment. Toledo told Plaintiff to take FMLA leave if he needed to, but she took no action to investigate his complaints. Instead, she assigned him to work in an unheated, filthy storage room. No other employees worked in the same location.

On December 2, 2024, Plaintiff was suspended for three days for cell phone use. On January 22, 2025, Moore banged on the storage room door and demanded that Plaintiff keep the room open while working. Plaintiff explained that he had closed the door to retain heat from a space heater; otherwise, breathing the cold air in the unheated room aggravated his asthma. Moore replied, "I don't give a fuck." (*Id.* ¶ 22.) He asked Plaintiff what he was reading, and Plaintiff replied that it was the Bible. Moore responded, "Fuck your religion. I'm taking the locks off the door." (*Id.* ¶ 23.) The following day, the locks were removed from the door.

On June 6, 2025, Tiara Alfred sprayed Lysol on Plaintiff. When Plaintiff asked Alfred to stop because the spray aggravated his asthma, which Alfred knew he suffered from, Alfred replied,

"Fuck you boy, you nigga," and raised a fist as if to strike Plaintiff. (*Id.* ¶ 26.) Moore witnessed the incident but took no action.

On July 17, 2025, Jennifer Jackson smoked a vape pen in the workroom. The vape pen triggered Plaintiff's asthma, causing him to cough and gasp. Jackson then sprayed Lysol directly at Plaintiff and into his face while he was struggling for breath, and she said to Plaintiff, "Fuck you bitch, you know what that definition? You bitch! That's what you are, a female dog." (*Id.* ¶ 29.)

Plaintiff reported the June 6 and July 17 incidents to Moore, to HR, and to other management-level personnel. No corrective action was taken.

Plaintiff filed a charge of discrimination on July 7, 2025, asserting claims of discrimination and retaliation under Title VII, based on his national origin and religion. He received a right-to-sue letter soon afterward. He subsequently filed a separate charge of discrimination regarding his allegations of disability discrimination and retaliation. He has not yet received a right-to-sue letter on the latter charge. (*Id.* ¶ 6.)

Plaintiff's amended complaint contains four counts: Count I, for disparate treatment and hostile work environment based on national origin under Title VII; Count II, for disparate treatment and hostile work environment based on religion under Title VII; Count III, for disparate treatment and hostile work environment based on disability under the ADA; and Count IV, for retaliation under both Title VII and the ADA.

## II. Discussion

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests whether the complaint states a claim on which relief may be granted. *Richards v. Mitcheff*, 696 F.3d 635, 637 (7th Cir. 2012). To state a claim, a complaint must "give the defendant fair notice of what . . . the

claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks omitted). The complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level," *Twombly*, 550 U.S. at 555; that is, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The Court must "construe the complaint in the light most favorable to plaintiff, accept all well-pleaded facts as true, and draw reasonable inferences in plaintiff's favor." *Taha v. Int'l Bhd. of Teamsters, Loc. 781*, 947 F.3d 464, 469 (7th Cir. 2020). "A motion under Rule 12(b)(6) can be based only on the complaint itself, documents attached to the complaint, documents that are critical to the complaint and referred to in it, and information that is subject to proper judicial notice." *Geinosky v. City of Chicago*, 675 F.3d 743, 745 n.1 (7th Cir. 2012).

Defendant moves to dismiss the claims of hostile work environment asserted under Title VII in Counts I and II, as well as the ADA claims in Counts III and IV.

**A. Plaintiff Plausibly Alleges Title VII Discrimination Claims**

According to Defendant, the hostile work environment claims in Counts I and II should be dismissed because the alleged harassment is not severe or pervasive and Plaintiff does not connect the incidents to his national origin or religion.

As an initial matter, Defendant calls this a "partial" motion to dismiss, evidently believing that there are two claims in each of Counts I and II, but the Court reads the Second Amended Complaint differently. Counts I and II seem to assert one claim for "hostile work environment and disparate treatment" based on two protected characteristics, namely, national origin and religion.

It might be that there are different theories of liability that Plaintiff can pursue as to each count, but the claim is the same: employment discrimination. *See Musa-Muaremi v. Florists' Transworld Delivery, Inc.*, No. 09 C 1824, 2011 WL 4738520, at *18 (N.D. Ill. Oct. 5, 2011) (citing *Bright v. Hill's Pet Nutrition, Inc.*, 342 F. App'x 208, 209 (7th Cir. 2009) ("A hostile work environment is actionable *as* [employment] discrimination; there are not distinct 'claims' for hostile work environment and [employment] discrimination.")). At summary judgment, courts can examine whether the plaintiff has come forward with enough evidence to support a particular theory, but that sort of analysis is out of place at the pleading stage because "[a] motion to dismiss under Rule 12(b)(6) doesn't permit piecemeal dismissals of *parts* of claims." *BBL, Inc. v. City of Angola*, 809 F.3d 317, 324-25 (7th Cir. 2015). "Where a plaintiff states a plausible claim for relief under one discernable legal theory, 'we start and end there.'" *Signal Funding, LLC v. Sugar Felsenthal Grais & Helsinger LLP*, 136 F.4th 718, 724 (7th Cir. 2025) (quoting *Bilek v. Fed. Ins. Co.*, 8 F.4th 581, 587 (7th Cir. 2021)). Defendant seems to tacitly concede that Plaintiff states a "disparate treatment" claim in Counts I and II; but, if so, then this motion to dismiss is a non-starter as to those counts because Plaintiff has stated a claim under "one discernable legal theory." *Signal Funding*, 136 F.4th at 724.

Regardless, the Court agrees with Plaintiff that he has pleaded a facially plausible claim of employment discrimination based on a hostile work environment theory. Defendant argues that the complaint lacks sufficient allegations to establish that its misconduct was sufficiently severe or pervasive and was caused by Plaintiff's protected characteristics, but this is tantamount to arguing that the complaint is required to include evidence. Plaintiff's pleading burden is not so heavy. "A complaint need not allege all, or *any,* of the facts logically entailed by the claim, and it certainly need not include evidence." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008)

(internal quotation marks omitted); *see Freeman v. Metro. Water Reclamation Dist. of Greater Chicago*, 927 F.3d 961, 965 (7th Cir. 2019) (explaining that employment discrimination plaintiffs need not plead facts corresponding to the "evidentiary element[s]" they will have to prove). "[T]he time to demand evidence is the summary-judgment stage. All the complaint need do is state a grievance. Details and proofs come later." *Thomas v. JBS Green Bay, Inc.*, 120 F.4th 1335, 1338 (7th Cir. 2024); *see Huri v. Off. of the Chief Judge of the Cir. Ct. of Cook Cnty.*, 804 F.3d 826, 834 (7th Cir. 2015) ("[I]t is premature at the pleadings stage to conclude just how abusive [the plaintiff's] work environment was."). The Court has taken pains to recount Plaintiff's allegations of disparate treatment in some detail to demonstrate that they plainly amount to a plausible factual narrative conveying "a story that holds together." *See Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010) ("[T]he court will ask itself *could* these things have happened, not *did* they happen."); *see Johnson v. Bd. of Educ. of the City of Chicago*, No. 25 CV 13794, 2026 WL 1536816, at *1 (N.D. Ill. June 1, 2026); *Turner v. Resilience Healthcare - W. Suburban Med. Ctr., LLC*, No. 24 C 12171, 2025 WL 1806611, at *2 (N.D. Ill. July 1, 2025) (citing *Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 827 (7th Cir. 2014), and *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 782 (7th Cir. 2007)). Plaintiff will likely have to adduce additional evidence to *prove* his claim, but he pleads enough factual detail to state a plausible claim, in accord with the above-cited case law.

**B. Dismissal of the ADA Claims for Lack of Exhaustion Is Not Warranted**

Defendant argues that the ADA claims should be dismissed in their entirety because Plaintiff admits he has not received a right-to-sue letter as to these claims. "Before bringing a Title VII claim, a plaintiff must first exhaust his administrative remedies by filing charges with the EEOC [or a similar state or local agency] and receiving a right to sue letter," which indicates that

the administrative proceedings have concluded. *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019); 42 U.S.C. § 2000e-5(b), (c), (e)(1), (f)(1)). Plaintiff filed a charge of discrimination encompassing his Title VII discrimination and retaliation claims, he received a right-to-sue letter in July 2025, and he filed this suit in October 2025. He filed another charge of discrimination concerning his ADA claims in November 2025, and he has still not received his right-to-sue letter on the latter charge. Defendant argues that, because Plaintiff admits that he has not received a right-to-sue letter on the ADA claims, the ADA claims should be dismissed for lack of exhaustion.

Plaintiff responds that he is likely to receive his right-to-sue letter very soon, and, if the ADA claims are dismissed now, he will simply move for leave to file a third amended complaint to reassert them as soon as the letter arrives, so dismissal would only waste time and effort. This may be so, but he cites no authority that would allow this Court to ignore the exhaustion requirement for that reason. *See Anderson v. United Airlines, Inc.*, 140 F.4th 385, 390 (7th Cir. 2025) (affirming dismissal on exhaustion issue for plaintiffs who, admittedly, had not received right-to-sue letters but were "currently in the process of receiving" them).

Nevertheless, the Court agrees with Plaintiff that dismissal is unwarranted, although for a different reason. "Since failure to exhaust administrative remedies is an affirmative defense," which Plaintiff need not plead around, the ADA claims can "only be dismissed for failure to state a claim if it [is] clear from the face of the complaint that the affirmative defense applie[s]." *Bibbs v. Sheriff of Cook Cnty.*, 618 F. App'x 847, 849 (7th Cir. 2015) (citing *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006)); *see Vance v. Amazon.com Servs., LLC*, No. 24 C 1111, 2024 WL 3823176, at *1 (N.D. Ill. Aug. 14, 2024) (citing *Burton v. Ghosh*, 961 F.3d 960, 964–65 (7th Cir. 2020) ("The proper way to seek a dismissal based on an affirmative defense under most circumstances is not to move to dismiss under Rule 12(b)(6) for failure to state a

claim.")). Plaintiff admits that a right-to-sue letter is still outstanding on his second charge of discrimination, but he also alleges that he received a right-to-sue letter on the charge of discrimination concerning his Title VII claims. And Plaintiff argues that his "disability claims concern the same pattern of conduct underlying the claims for national origin and religion." (Pl.'s Resp. at 9, Dkt. No. 37.)

An administrative charge "encompasses the claims in a complaint," even if they are not specifically mentioned in the charge, if they are "like or reasonably related to the allegations of the charge and growing out of such allegations." *Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994) (internal quotation marks omitted). "[T[he essential question is "what . . . investigation could reasonably be expected to grow from the original [administrative] complaint." *Novitsky v. Am. Consulting Eng'rs, L.L.C.*, 196 F.3d 699, 701 (7th Cir. 1999). "[E]ven conceptually distinct claims may have a sufficiently close relationship if they are 'so related and intertwined in time, people, and substance that to ignore that relationship for a strict and technical application of the rule would subvert the liberal remedial purposes of the statute.'" *Chicago Tchrs. Union, Loc. 1 v. Bd. of Educ. of City of Chicago*, 419 F. Supp. 3d 1038, 1056 (N.D. Ill. 2020) (quoting *Kristufek v. Hussmann Foodservice Co., Toastmaster Div.*, 985 F.2d 364, 368 (7th Cir. 1993)).

So far as the Court can tell from the limited materials it can consider at this early stage (namely, the complaint, motion to dismiss, and associated briefing), Plaintiff's disability claims seem to be based on the same alleged misconduct as the national origin and religion claims; Plaintiff argues as much. If that is the case, then it would seem that Plaintiff's ADA claims are potentially encompassed by the original charge. If it is possible that the deficiency in the original charge of discrimination amounts to little more than an "omitted check mark," then the Court may consider the claims to be exhausted, the deficiency notwithstanding. *Cf. Ajayi v. Aramark Bus.*

*Servs., Inc.*, 336 F.3d 520, 528 (7th Cir. 2003) (citing *Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 168 (7th Cir. 1976)). Defendant may raise this issue again at summary judgment, if the facts warrant it, *see Ajayi*, 336 F.3d at 527-28 (affirming decision in which district court dismissed for lack of exhaustion at summary judgment stage), but the facts before the Court at this time are insufficient to support any definitive ruling on whether the affirmative defense applies, so dismissal under Rule 12(b)(6) is inappropriate.

For the foregoing reasons, Defendant's motion to dismiss is denied.

**SO ORDERED.** **ENTERED: November 17, 2026**



**HON. JORGE ALONSO**
**United States District Judge**